Opinion by
 

 Spaulding, J.,
 

 This is an appeal from a summary judgment granted under Rule 1035 of the Pennsylvania Rules of Civil Procedure to defendant-appellee by the Court of Common Pleas of Westmoreland County.
 

 On November 1, 1961 Lawrence Schacter,
 
 [1]
 
 trading as Lawrence Jewelers, entered into a five year lease agreement with Prise Realty Company, lessor, for certain premises in Charleroi, Pennsylvania to be used as a jewelry store by lessee Schacter. Among other things the lease contained a five year renewal clause and a provision which specifically precluded lessee from subleasing the premises or assigning the lease without the express consent of the lessor.
 
 [2]
 
 For several years Schacter operated the jewelry business on these premises.
 

 On January 15, 1966 plaintiff-appellant, the administratrix of Schacter’s estate, entered into a handwritten agreement with defendant-appellee for the sale to appellee of all of the assets of Lawrence Jewelers. The sale price was $21,000, the agreement providing for a down payment of $2000 which was to be forfeited as liquidated damages unless the balance of the purchase price was paid by appellee within five days.
 

 Appellee failed to consummate the transaction within the stipulated period, and, in addition, stopped pay
 
 *61
 
 ment on the $2000 check which previously had been given to appellant, who thereupon instituted an action in assumpsit to recover the $2000 liquidated damages as provided in the agreement.
 

 Appellee filed an answer contending that the lease with Prise Realty Company prevented appellant from delivering possession of the jewelry store premises and that appellant’s inability to deliver such possession excused appellee’s nonperformance. Appellee further averred that it was the intent of the parties that appellant would assign to appellee the existing lease for the premises at the time of closing, and that appellee had relied on this understanding. Appellee alleges that the stop payment order was issued immediately upon learning of the lease restrictions prohibiting subleasing and assignment without consent of the lessor.
 

 The consent not having been obtained, appellee moved for a summary judgment on the pleadings pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure which provide that summary judgment is to be granted if the pleadings “show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The trial court granted appellee’s motion for summary judgment and dismissed the complaint.
 

 The language of Rule 1035, adopted in 1966, was taken verbatim from Federal Rule of Civil Procedure 56(c). Interpretation of the scope of Rule 1035 can be aided by reference to the cases decided under the Federal rule, which establish the following criteria. “On motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record. . . . One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact. . . . The Court must consider both the record actually presented and the record potentially possi
 
 *62
 
 ble at tbe time of trial. ... A hearing on a motion for summary judgment is not a trial on tbe merits, and tbe Court on sucb motion should not attempt to resolve conflicting contentions of fact.”
 
 International Latex Corporation v. Lexicon Products, Inc.,
 
 37 F.R.D. 524, 525, 526 (E.D. Pa. 1965). Tbe court is to accept as true all well pleaded facts in tbe plaintiff’s pleadings, as well as tbe admissions on file, giving to tbe plaintiff tbe benefit of all reasonable inferences to be drawn therefrom.
 
 Pittsburgh Hotels Ass’n, Inc. v. Urban Redevelopment Authority of Pittsburgh,
 
 202 F. Supp. 486 (W.D. Pa.),
 
 aff’d,
 
 309 F. 2d 186 (C.A. 3d Cir., 1962),
 
 cert. denied,
 
 372 U.S. 916 (1963). Tbe record must be examined in tbe light most favorable to tbe nonmoving party.
 
 Fiumara v. Texaco Inc.,
 
 204 F. Supp. 544 (E.D. Pa.),
 
 aff’d,
 
 310 F. 2d 737 (1962). In passing upon amotion for summary judgment “it is no part of the court’s function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against tbe party moving for summary judgment.” (In the instant case, appellee.)
 
 Admiral Corporation v. Cerullo Electric Supply Co.,
 
 32 F.R.D. 379, 380 (M.D. Pa. 1961). “. . . a party should not be deprived of an adequate opportunity to fully develop [sic] his case by witnesses and a trial, when tbe issues involved make sucb procedure tbe appropriate one. ... It is often tbe case that although tbe basic facts are not in dispute, tbe parties in good faith may nevertheless disagree about tbe inferences to be drawn from these facts, what the intention of tbe parties was as shown by tbe facts. . . . Under such circumstances tbe case is not one to be decided by tbe Trial Judge on a motion for summary judgment.” S.
 
 J. Groves & Sons Company v. Ohio Turnpike Commission,
 
 315 F. 2d 235, 237, 238 (C.A. 6th Cir.),
 
 cert. denied,
 
 375 U.S. 824 (1963).
 

 
 *63
 
 Examining the entire record of the instant case in the light of these interpretative decisions we cannot agree with the judgment of the court below. The trial court placed heavy reliance on the following provisions of the agreement relating to the lease: “So long as the existing lease for the premises is in effect, the buyer shall reimburse the seller for the cost of maintaining her existing business insurance policies....” and “If the buyer cannot obtain a new lease before October 31,1966, the seller shall remain liable on the lease with the buyer having full possession of the premises. The buyer, however, shall be solely responsible for the business expenses and liabilities incurred through October 31, 1966.” The court below also relied on another part of the agreement which provided for $2700 of the purchase price to be held in escrow by appellant’s attorney “to insure payment of . . . [appellant’s] rental obligations for the nine months remaining of the existing lease term after the closing of the sale.” The court then concluded: “The above provisions contained in the agreement between the parties clearly show that the parties intended either an assignment or sublease of the premises. There can be no other reason for the inclusion.”
 

 Appellant alleges, however, that a fair reading of the agreement gives rise to the reasonable inference that appellee anticipated only a limited possessory interest which appellant was at all times willing and able to deliver. She alleges that the agreement requires her to apply for a quitting business sale license which indicates appellee may have intended to liquidate the business, for if appellee had anticipated obtaining an assignment or sublease he could have applied for such a license in his own name and would have had no need for such a provision in the agreement. The first provision relied on by the trial court which promises appellant reimbursement for her continuing business in
 
 *64
 
 surance expenses “so long as the existing lease for the premises is in effect” appears to assume at least apparent occupancy by appellant, i.e., vis-a-vis appellant and her landlord. The provision emphasized by the court below regarding the $2700 to be held in escrow could reasonably have been intended by appellant to mean that she would remain liable on the lease for the balance of the term while appellee was operating the business in appellant’s place. Viewed in this light, if an assignment of the lease was intended these provisions would have been unnecessary.
 

 In addition, appellant asserts in her reply to appellee’s counterclaim that she “made no representations to defendant [appellee] as to her legal right to sublet or assign the premises” and that she only agreed to deliver to appellee “the bare right of occupancy of the premises, rather than legal possession thereof, and said right of occupancy was to be continued in the plaintiff’s [appellant’s] name and the name Lawrence Jeweler [s].” Contrary to the conclusion of the trial court, these are also fair inferences raised by the pleadings. It is also important factually to determine whether, as alleged by appellee, possession of the leased premises could not be delivered by appellant or whether, as appellant avers, she was “at all times ready, willing and able to deliver” possession to appellee.
 

 Reading the entire record in the light most favorable to appellant we find genuine issues raised as to material facts and conclude that these issues should have been placed before the trier of fact to determine the intentions of the parties.
 

 The decision of the court below granting summary judgment is reversed and the record is remanded for proceedings not inconsistent with this opinion.
 

 [1]
 

 Now deceased.
 

 [2]
 

 Under penalty of instant forfeiture and the payment of $300 additional rent.