**Klein v. Kay**

*Edward Stock,* for plaintiffs.

*W. Glenn George,* for garnishee.

HIRSH, J., December 2, 1971.—This matter is before the Court on plaintiffs' motion for summary judgment. The garnishee, United States Fire Insurance Company, issued a policy AG 54283 to Samuel Kay, t/a City Line Esso, effective January 30, 1960. This policy was succeeded by policy AG 54285 as of January 31, 1961. The succeeding policy included all relevant provisions as to coverage, cancellation and policy period.

On February 10, 1961, defendant made certain repairs to the automobile of plaintiff, Beatrice Klein. On March 1, 1961, policy AG 54285 was cancelled by defendant when the said defendant went out of business. On March 23, 1961, plaintiff Edward Klein, husband of Beatrice Klein, was involved in an accident as the sole result of the alleged negligent repairs, causing personal injuries to him.

Plaintiffs commenced this action against defendant, Samuel Kay, by complaint in trespass, alleging that defendant negligently repaired the car and that such repairs were the proximate cause of plaintiff's injuries on March 23, 1961.

Judge Thomas Reed tried this action without a jury and on December 31, 1968, entered an order adjudging that defendant, Samuel Kay, was negligent in making repairs to the car and that such negligence was the proximate cause of the injuries suffered by plaintiff on March 23, 1961. Verdict in favor of plaintiff was entered in the sum of $60,000. Plaintiff subsequently reduced the verdict to judgment.

The issue involved is where, under a garage liability

policy it is provided that accident must occur during the policy period and although the negligence of the assured occurred before the termination of the policy period, the damages resulting therefrom occurred after the policy period had ended, is assured to be held responsible under the cancelled policy for said injuries.

The policy effective January 3, 1961, under "Insuring Agreements," coverage "A," agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined."

It is the garnishee's position that its policy does not cover the defendant because the "accident," which garnishee interprets to be injury to plaintiff, did not occur within the policy period.

It is plaintiff's position that the "accident" referred to in the policy means the act of negligent repair to plaintiff's vehicle, and defendant is covered, as such negligence occurred within the policy period.

Under Rule 1035 of the Pennsylvania Rules of Civil Procedure, summary judgment may be granted only in the "clearest of cases": Kotwasinski v. Rasner, 436 Pa. 32.

The aforementioned policy provision leads to conflicting inferences of fact. If the interpretation of an agreement may depend upon the intention of the parties, or if conflicting inferences of fact are permissible, there are genuine issues of fact and summary judgment cannot be entered: Schacter v. Albert 212 Pa. Superior Ct. 58.

Reading the entire record in the light most favorable to the non-moving party, we find genuine issues raised as to material facts and conclude that these issues should be placed before the trier of fact to determine the intentions of the parties.

Accordingly, it is, therefore ordered that plaintiff's motion for summary judgment against garnishees is denied.