## Wallingford Steel Company v. Wire and Metal Specialties Corporation (No. 2)

*Alan Bruce Bowden* and *William R. Mervine,* for plaintiff.

*R. Pierson Eaton,* for defendant.

WOLFE, P. J., May 9, 1972.—For disposition is plaintiff's motion for summary judgment on its assumpsit action against defendant for goods sold and delivered.

Initially, plaintiff, in accordance with defendant's purchase order, agreed to deliver to defendant 3,000 pounds of stainless steel, corrosion resistant, composition 304, 1/8th hard, .010 ± .001 thick x .429 ± .002 wide x standard mill coils, 8″ I.D., 20″ to 30″ O.D., tensile 108,000 to 124,000, camber to be held to a minimum.

Subsequently, the contract was amended in part as to the specifications to add: .429 ± .005 wide (nim ± .002).

There is no question the material was received by defendant and defendant used it to fulfill a contract with the United States Government for clip cartridges for the M16 rifle.

Defendant refused to pay for the material on the grounds the clips as shipped to the government were, in part, defective in that some of them had a "burr" necessitating the entire order to be returned to defendant and reprocessed by it in order to fulfill the contract. Not only did defendant refuse to pay for the material but also counterclaimed against plaintiff for $29,000 for damages suffered by it.

Plaintiff's action for the purchase price of its material was resolved in plaintiff's favor on its motion for judgment pursuant to rule 1037(c) of Pennsylvania Rules of Civil Procedure: The Wallingford Steel Company v. Wire and Metal Specialties Corp. (No. 1), 58 D. & C. 2d 720.

Subsequent to the entry of judgment for plaintiff for the purchase price, plaintiff deposed defendant on its counterclaim and it is on the basis of the deposition that plaintiff now seeks summary judgment under Pa. R. C. P. 1035.

The deponent, Lynn D. Freeman, president of defendant, acknowledged the material received from plaintiff was acceptable and within the tolerance of the contract specifications but asserted there is an unwritten law in the business that the variance be consistent once it is set; that is, in his words even though there is a change in the tolerance or an acceptable change if the material goes to the high tolerance, or to the low tolerance, it should be consistently so.

Thus, defendant acknowledges the material received complied with the specifications but takes the position the custom in such cases where tolerances are provided and agreed upon notwithstanding the material is within the tolerance it must remain consistent throughout whether on the high side or the low side once it is set. In this case, where defendant manufactured clips, it alleges the "burrs" were caused by the change of the tolerance in plaintiff's material and, in effect, what defendant is saying in his deposition is plaintiff did not comply with this "unwritten law" in the business of a tolerance variance.

Although we are inclined to grant plaintiff's motion, it is not for the court as a matter of law, to so determine at this stage of the proceedings. The law in this regard is clear. Summary judgment can be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving parties are entitled to judgment as a matter of law (McFad-

den v. American Oil Company, 215 Pa. Superior Ct. 44 (1969); Toth et ux. v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A. 2d 629), and the burden is on the moving party and the record must be examined in the light most favorable to the nonmoving party: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

The court must consider both the record actually presented and the record potentially possible at the time of trial . . . A hearing on a motion for summary judgment is not a trial on the merits and the court on such motion should not attempt to resolve conflicting contentions of fact.

"It is often the case that although the basic facts are not in dispute the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts . . . Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment": S. J. Groves & Sons v. Ohio Turnpike Commission, 315 F. 2d 235, 237, 238 (C. A. 6th Cir.) cert. denied, 375 U.S. 824 (1963).

In United Refining Company v. Jenkins, 410 Pa. 126, the court, following its decision in Gianni v. R. Russell & Co., Inc., 281 Pa. 320, stated:

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, *the law declares the writing to be not only the best, but the only evidence* of their agreement: [Citing cases]. *All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract* . . . and unless fraud, accident or mistake be averred *the writing* constitutes the agreement between the parties *and*

*its terms cannot be added to or subtracted from by parol evidence:* [Citing cases]"

In the instant case defendant seeks to go outside of a written contract to show what it terms an "unwritten law" in the business. In this respect, Restatement of Contracts, sec. 245, defines usage as "habitual or customary practice" and section 246 considers the effect of operative usage in that it has the effect of (a) defining the meaning of the words of the agreement or the meaning of other manifestations of intention and (b) adding to the agreement or manifestations of intention, provisions in accordance with the usage, and not inconsistent with the agreement or manifestations of intention.

So too, it has been held where there is doubt about the contract's meaning it is relevant to show how the parties themselves understood and interpreted it: Day & Zimmerman, Inc. v. Blocked Iron Corporation of America, 200 F. Supp. 117 (1960).

Hence, notwithstanding parol evidence cannot be used to add or subtract from a consummated written contract, it appears it is proper for the parties to explain the meaning of words or, in a particular practice the custom followed therein, provided the explanation is not inconsistent with the agreement or the manifest intent of the parties.

Considering this in conjunction with the narrow application of rule 1035, it cannot be concluded summary judgment should be entered in this case as a matter of law.

In the court's opinion, defendant should be given an opportunity to prove this custom he alleges in the deposition and should not be summarily precluded as plaintiff now seeks.

For the foregoing reasons, the court makes the following

## ORDER

And now, to wit, May 9, 1972, the plaintiff's motion for summary judgment is denied. Exceptions to plaintiff.