## Hannum v. National Steeplechase & Hunt Association, Inc.

*Joseph F. Harvey,* for plaintiff.

*John S. Halsted* and *William H. Lamb,* for defendants.

KENT, J., March 27, 1973.—This matter is before the court on defendants' motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035. The action in question was instituted by the filing of plaintiff's complaint in equity on April 1,

1971. Preliminary objections thereto were dismissed by order entered December 6, 1971. Thereafter, on December 23, 1971, answers and new matter were filed on behalf of the several defendants to which plaintiff made reply on January 10, 1972. Since that date, the record has been supplemented by various requests for admissions made by defendants and plaintiff's responses thereto, the deposition of Mr. George Jaggard, the affidavit of Dr. Thomas E. Powers, and certain documentary exhibits incorporated in the aforesaid admissions.

The suit in question arose from a racing meet sponsored by certain of the parties defendant on May 9, 1970, at the Radnor Hunt Club. Plaintiff avers that she did, by the execution of appropriate forms and the payment of the necessary fee, enter her horse "Our Ivory Tower" in the third race of the meet. It is further averred that plaintiff's said horse won the race in question and that plaintiff was awarded certain trophies and prize money of approximately $1,200. Following an analysis of a urine specimen plaintiff's said horse was declared disqualified and the purse and the trophies were ordered redistributed by defendant's board of stewards. Plaintiff has averred, inter alia, that defendant's actions were arbitrary and constituted a breach of contract.

Defendants assert three grounds in support of their motion for summary judgment: first, that plaintiff, by contract, foreclosed her right to question the decision of defendants' board of stewards; secondly, that public policy mitigates against a reconsideration of that decision; and thirdly, that plaintiff's relief is limited to a determination of whether or not there was a reasonable basis for the decision of the board of stewards.

Summary judgment may only be entered in a case which is clear and free from doubt: Toms v. Bev-Maid, Inc., 420 Pa. 562 (1966). In examining the record which

forms the foundation for such a motion, we must accept the benefit of well-pleaded facts of record and all reasonable inferences to be drawn therefrom: Schacter v. Albert, 212 Pa. Superior Ct. 58 (1968). Viewing the matter in the light of these principles, defendants' motion must be denied.

With respect to defendants' first contention that plaintiff was bound contractually to accept the decision of the Stewards of the National Steeple Chase and Hunt Association, plaintiff has averred in her initial pleading that said action by the board of stewards constituted arbitrary action constituting a breach of contract on defendants' part. If this contention be correct, and, for purposes of this motion, we must assume it to be, defendants' contention is without merit. If, upon trial, plaintiff establishes that defendant association's determination was not supported by evidence and was therefore arbitrary, its determination must be set aside: McGinley v. Milk & Ice Cream Salesmen, etc., Local No. 205, 351 Pa. 47 (1944). This is particularly true where, as here, property rights are involved: Blenko v. Schmeltz, 362 Pa. 365 (1949).

Defendants would have us review the evidence presented before the board as supplemented by stipulation to assess the sufficiency thereof. As noted above, this is not the function of a motion for summary judgment on the pleadings and more properly belongs to the trier of fact.

Defendants next urge that "There are strong reasons based in public policy and recognized by the courts which would justify the court in not reconsidering the decision of the Board." In support thereof, defendants contend that any injury to plaintiff is minimal when balanced against the probable time of litigation. Defendants further urge that they are better able to determine such a controversy because of their expertise and

that private associations ought to be free to settle privately disputes with its members.

With respect to the nature of the damage incurred, plaintiff has averred in her complaint that:

"25. Unless redressed, the actions described in paragraphs 22 and 23 will cause irreparable damage, the amount of which cannot definitely be ascertained, in that:

"(a) Plaintiff will be deprived of the possession of the above unique trophies, which possession is her right for a period of about one year, and of permanent possession of a unique piece of plate.

"(b) Plaintiff will be deprived of her right to have her name inscribed on the trophies as a lasting tribute to Our Ivory Tower's win.

"(c) Plaintiff's reputation as a horsewoman and as an owner-trainer might be subjected to ridicule and doubt by those who are not aware of her personal integrity and rectitude.

"(d) If suspended for failure to return the trophies or other alleged violations, plaintiff's right to race horses at meetings sanctioned by the National Association and by organizations which recognize the National Association's suspensions will be denied."

If these averments be true, and, we repeat, for purposes of this motion we must consider them to so be, we cannot rule as a matter of law that the damages are minimal.

With respect to defendant association's unquestioned rights to adopt and enforce its own rules and regulations for its governance in relation with its membership, it was observed in the case of Gordon v. Tomei, 144 Pa. Superior Ct. 449, at page 465 that:

"The inclination of the courts to sustain an association's interpretation of its by-laws and to overlook trifling informalities in its proceedings cannot be ex-

tended to put the power of the courts at the mercy of the association. Their surveillance of controversies within such bodies, at least where property rights are involved, has long been exercised."

Plaintiff has averred that arbitrary action of the association has deprived her of property rights of substance. The interest of a private association in managing its own household does not permit it arbitrarily to deprive its members of property rights: Gordon v. Tomei, supra. Nor do we find scarcity of judicial time or paucity of judicial expertise to be cogent reasons for arbitrarily depriving plaintiff of property rights if, as she has averred, the same has occured.

Lastly, defendants contend that by reason of the nature of the relief requested by plaintiff, she is in no event entitled to have the court do more than review the record to determine if there was a reasonable basis for the decision of the association's board of stewards. To do so would constitute, in effect, a factual determination of the issues raised by the pleadings. This we may not properly do upon a motion for summary judgment. Our function with respect thereto is not to decide issues of fact but to determine whether such issues exist: McFadden v. American Oil Co., 215 Pa. Superior Ct. 44 (1969). As noted hereinabove, we find that such factual issues are raised by the record in this case and that defendants' motion must, therefore, be denied.