## Kazarow v. Robinson

*Bruce Dolfman*, for plaintiff.
*Lawrence Washor*, for defendants.

TAKIFF, *J.*, November 6, 1975—This is an action in ejectment brought by plaintiff on behalf of herself and her co-tenants, owners of 245 East Allen Street, against defendants, who have resided at the premises since 1955 under an oral lease.

On December 19, 1969, these premises were declared unfit for human habitation by the Department of Licenses and Inspections of the City of Philadelphia. According to plaintiff's affidavit, this condition was caused by acts of waste committed by defendants. No repairs have since been made and, therefore, the premises were never declared fit for habitation. Subsequent to the premises having been declared unfit, defendants have paid their rent as it has come due into a bona fide escrow account with the Lutheran Settlement, 1340 Frankford Avenue, in accordance with the terms and conditions of the Pennsylvania Rent Withholding Act of January 24, 1966, P.L. (1965) 1534, as amended, 35 P.S. §1700-1.

On or about February 21, 1973, plaintiff filed a landlord and tenant eviction complaint against defendants; a decision in favor of defendants was rendered by the Municipal Court of Philadelphia County on March 21, 1973. In October of 1973, plaintiff notified defendants that a contractor had been engaged to demolish the premises and that the

premises were to be vacated within 30 days. Plaintiff filed another landlord and tenant eviction complaint against defendants on November 20, 1973. On December 27, 1973, plaintiff was awarded a judgment of possession in Municipal Court by Judge Simmons and the instant action is an appeal therefrom.

The no-eviction clause of the Rent Withholding Act, 35 P.S. §1700-1 (Supp., 1975) protects the tenants of unfit premises from eviction so long as the rent is duly paid into escrow. However, no court has yet considered whether the protection of the statute may be claimed by a tenant who by his own acts of waste has caused the precipitating unfit condition, as alleged in plaintiff's affidavit. Cf. DePaul v. Kauffman, 441 Pa. 386, 272 A. 2d 500 (1971). Summary judgment should be granted only in the clearest of cases, Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969), and the record on such a motion must be examined most favorably to the adverse party: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). It is by no means clear that a tenant who has committed waste in violation of his legal duty to the landlord and thereby rendered the premises uninhabitable, is within the class intended by the legislature to be protected thereafter from eviction. Surely, such a tenant has not such a clear right to judgment for continued (perhaps indefinite) possession of the unfit premises as a matter of law as to preclude plaintiff from the right to trial in which these issues may be considered appropriately.

## ORDER

And now, November 6, 1975, defendant's motion for summary judgment is denied.