## Johnston v. Springfield Dodge, Inc.

*John A. Luchsinger,* for plaintiff.
*William F. Sweeney,* for defendants.

JEROME, *J.*, January 24, 1978—Plaintiff, Theresa Johnston, was a passenger in an automobile operated by defendant, James Wagner, on August 29, 1974. The automobile was owned by Springfield Dodge, the employer of Mr. Wagner. At the time in question, the automobile was being operated in an easterly direction on Providence Road at or near its intersection with Jeffrey Road, Aldan, Delaware County, Pa. The time in question was approximately 2:30 a.m. At this time, the automobile operated by Mr. Wagner left the highway and struck a pole resulting in certain injuries to plaintiff. It is alleged that an unidentified motorist pulled out directly in front of the Wagner automobile causing it to swerve to the right to avoid a head-on collision. As a result of this he ran into a pole causing plaintiff's injuries.

Plaintiff commenced an action against Springfield Dodge and Mr. Wagner to recover for her injuries. Following the taking of various depositions she filed with her own insurance carrier (State Farm Mutual Insurance Company) an uninsured motorist claim attempting to recover for her injuries due to the negligence of the unidentified driver who Mr. Wagner claimed caused the accident. The existence of this unidentified automobile is not in doubt since the police officer who came on the scene saw this vehicle, which was described as a white Chevrolet, pull out of Jeffrey Road and force the Wagner automobile to swerve to the right to avoid the head-on collision. The automobile then disappeared and could not be traced.

Plaintiff negotiated a settlement of her uninsured motorist claim with State Farm for $5,000. In arriving at the settlement, a release form was executed by her assigning her rights against defendants,

Wagner and Springfield Dodge, as well as any other party to State Farm.

Subsequent thereto the attorney for defendants in this matter entered into a settlement agreement with plaintiff's counsel paying her the sum of $10,000. A release was executed as part of the settlement which reads in part as follows:

"This agreement is not intended to release any claim or cause of action for damages against State Farm Mutual Automobile Insurance Company pursuant to the terms and provisions of the endorsement affording protection against uninsured motorist and medical payments provisions of the policy of State Farm Mutual Automobile Insurance Company, in force for Theresa Johnston and Robert W. Johnston at the time of the accident described above; nor shall the signing of this release and trust agreement operate to discharge the right of the State Farm Mutual Automobile Insurance Company to subrogate against James Wagner and Springfield Dodge, Inc., for a sum not in excess of Eight Thousand Dollars ($8,000)."

The parties have also introduced into the record a letter sent subsequent to the signing of the release from defendants' counsel to plaintiff's counsel allegedly limiting the claim of State Farm from $8,000 to $5,000, the amount actually paid.

The matter now comes before the court on the motions of defendants, Springfield Dodge, Inc. and James Wagner, for summary judgment or, in the alternative, for judgment on the pleadings.

With regard to the motion for summary judgment, it is the position of defendants that an analysis of the depositions taken of defendant Wagner, the police officer who was at the scene,

and plaintiff herself, shows no evidence on the part of either defendant Wagner or his employer to justify submitting the case to a jury.

Initially, it should be noted that on motions for summary judgment the moving party has the burden of proving that there are no genuine issues of fact. See Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). Further summary judgment may be granted only the "clearest of cases." See Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969).

A review of the depositions in question do not clearly absolve defendant from liability. While there is no doubt that a cause of action for negligence is made out against the unidentified vehicle operator, a jury could also possibly find defendant Wagner negligent in view of the road conditions, speed, et cetera.

With regard to the motion for judgment on the pleadings, however, the court finds the same has merit and has therefore granted it. The basis for defendants' claim in this regard is the release which was executed. It is argued that the real party in interest here is State Farm which is attempting to pursue subrogation rights. To be sure, the release indicated that the subrogation rights were not affected and that State Farm could proceed with the action. However, the basis for the $5,000 payment by State Farm was not the negligence of defendants in this matter, but rather the negligence of the operator of the unidentified vehicle. The subrogation claim which State Farm has exists against that driver. It has no claim and has paid no moneys out because of any actions of defendants in this matter. Further, since State Farm stands in the shoes of plaintiff, Theresa Johnston, it can have no right

against defendants in this matter because of the release.

Defendants rely on the case of Shamey v. State Farm Mutual Automobile Insurance Company, 229 Pa. Superior Ct. 215, 331 A. 2d 498 (1974). In that case the court had before it the very issue which was vital for determination of the matter before this court, namely, whether State Farm subrogation rights are limited to the uninsured motorist or to anyone who might be liable for the injuries caused. There plaintiff settled with State Farm under the uninsured motorist provision of his policy. Before cashing the check from State Farm, however, it settled with the driver of the insured automobile. State Farm stopped payment on its check and plaintiff brought suit in assumpsit to collect. State Farm raised as a defense the release which plaintiff signed. Particularly, State Farm pointed to the following language in the release:

"For consideration aforesaid, and to the extent of any payment made thereunder, the undersigned agrees to hold in trust for the benefit of the Company all rights of recovery which he shall have against any person or organization legally liable for such bodily injuries and property damage and assigns to the Company the proceeds of any settlement with or judgment against such person or organization."

The Superior Court did not reach the issue as to whether or not State Farm's subrogation rights were limited to the claims against the uninsured motorist. Rather, it ruled that the release agreement was ambiguous and should be construed against State Farm.

A careful reading of the opinion, however, includ-

ing an analysis of decisions from other jurisdictions, makes it clear that it would fly in the face of the intent behind the Uninsured Motorist Act of August 14, 1963, P.L. 909, as amended, 40 P.S. §2000, to allow an insurance carrier who has a responsibility under uninsured motorist provisions to either not pay thereunder until its insured either assigns its rights against an insured motorist to it or in the alternative if it could block any compromise or settlement between its insured and another insured operator.

The obligation of an insurance carrier under the uninsured motorist provisions is to provide its insured with coverage for damages sustained as a result of the negligence of an uninsured or unidentified automobile such as existed in this case. Its subrogation rights are limited to such uninsured automobile or unidentified automobile. That is the basis for its obligation. It acquires no rights against an insured driver who is also involved in the same transaction. In this regard footnote 2 of the Superior Court's opinion in Shamey, supra, is enlightening. It provides as follows:

"2. In Rhault v. Tsagarakos, 361 F. Supp. 202 (D. Vt. 1973), the federal district court confronted a clause which required the insurance company's approval prior to settlement with an insured motorist if payment were to be made under the uninsured motorist clause. The court held: 'Insofar as the clause restricts the insured's right to compromise and settle his claim against financially responsible motorists who might be liable to him, it is contrary to the purpose of the statute and against its policy.' . . ." 229 Pa. Superior Ct. 215 at 221.

The Superior Court then goes on to cite other out-of-state jurisdictions which have reached the same result.

While the release between plaintiff and defendant attempts to keep in existence State Farm subrogation rights, it does not create a cause of action which did not theretofore exist. In other words, if no right of subrogation existed in favor of State Farm against the insured defendants to begin with, none was created by the execution of the release.

We have therefore sustained the motion for judgment on the pleadings and have dismissed plaintiff's complaint against defendants.

## ORDER

And now, December 22, 1977, after hearing argument in the above matter and upon consideration of the briefs of counsel, it is hereby ordered and decreed, as follows:

1. The motion for summary judgment filed on behalf of defendants in the above matter be and the same is hereby dismissed.

2. The motion for judgment on the pleadings filed on behalf of defendants in the above matter be and the same is hereby granted.

3. Plaintiff's complaint against defendants is hereby dismissed.