# Bell Estate v. State Automobile Mutual Insurance Co.

*David C. Hook,* for plaintiff.

*Richard F. Dorfzaun,* for defendant, U.S. F.&G.

*Raymond H. Conaway,* for defendant, State Automobile Mutual Insurance Co.

TOOTHMAN, *J.,* March 8, 1985—On March 30, 1983, Donald Bell, a resident of the State of West Virginia drove his 1978 Dodge Magnum to Elliott's Arco Station on Greene Street in Waynesburg, Pa. and after parking his car there, while crossing Greene Street on foot, was struck and killed by a tractor trailer owned by R. Paul McKean, d/b/a McKean Trucking. At the time of the accident decedent's car, the Dodge, was insured by State Automobile Mutual Insurance Company and the McKean tractor trailer was insured by United States Fidelity and Guaranty Company. Suit was filed by plaintiff's estate for survivor's loss, medical expenses and work-loss benefits against both insurance carriers. Defendant carriers responded with an answer denying liability and later both filed motions for a summary judgment in its favor, each claiming the other insurance policy to be liable.

The sole issue before the court is whether the West Virginia resident's insurance policy, which provides for out-of-state coverage, is liable for the benefits due the estate, or is the insurance carrier for McKean tractor trailer liable? The material facts are not is dispute, and under the provisions of Pa. R.C.P. 1035(b), a moving party is entitled to a judgment as a matter of law, but also has the burden of showing the same, Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968). It is further observed that the reason for this rule regarding an entitlement for a summary judgment is founded upon the commendable ground of expediting the resolve of a controversy, which, most will agree, is a reason the law should attend more frequently.

Even though the facts are not in dispute, the legal issue is, and is one with several complexities. Under the provisions of the Pennsylvania No-fault Insurance Act, 40 P.S. § 1009.101 et seq., § 110(c), the act provides:

"C. APPLICABLE LAW

1. The basis loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle of the accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plans for motor vehicle insurance if any in effect in the state in which the accident resulting in injury occurs."

As found in the regulations interpreting this particular section of the code, in 31 Pa. Code 66.1 - 110 (c) 1, §b, this explanation is made:

"If a non-resident is involved in an accident in the Commonwealth, he will receive benefits as provided under his state of domicile no-fault plan. If his state of domicile has no such plan, or if the non-resident has no state of domicile, then he will receive benefits as provided under the Commonwealth's no-fault plan."

In the instant case, it is agreed by all parties that the State of West Virginia did not have a no-fault insurance plan in effect on March 30, 1982, the date of the accident. Looking at the insurance policy terms that were in effect in the insurance coverage provided by State Automobile Mutual, for the decedent, the policy provides:

"If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a non resident to maintain insurance whenever the resident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same element of loss."

Considering these statutory and policy provisions, we turn our attention to a case dealing with this same issue, Greathouse v. Federal Kemper Insurance Co., 13 D. & C. 3d 785 (1980), in which the facts were that an Ohio resident, living with his fa-

ther, drove his father's truck to visit his friend in Lawrence County, Pa. The truck was insured by Motorist Mutual. At his friend's home, while he was riding with him in his vehicle, covered by Kemper Insurance Co., he suffered serious injuries when the car ran off the road. In the pleadings there were cross-motions for summary judgment, the same as here. The court found that the truck's insurance carrier was liable for the policy benefits. The determination of the issue was based on the court finding that section 104(a) requires that non residents maintain insurance in compliance with the Pennsylvania No-fault Act, and that the Motorist Mutual policy, which has a similar clause to the State Insurance policy in this case as to an out-of-state coverage, was liable for the payment of the benefits under its terms. In the case of Wierbinski v. State Farm Automobile Insurance Company, 447 F. Supp. 659, the district court held that a New York resident's insurance policy, which was in effect at the time of an accident he had in Erie, Pa., was liable for the larger limits and amounts set by the Pennsylvania No-fault Act, rather than those set by the New York No-fault Act.

The only remaining question is whether decedent's insurance coverage extends to him in this sutuation, since he was not in his car at the time, but was walking across the street, having left his car to be serviced. It has been held that under the Pennsylvania No-fault Act, the security of the insurance coverage follows the person and not the car. 24 D. & C. 3d 276 (1980), citing Shrager, the Pennsylvania No-fault Motor Vehicle Insurance Act, §1:15.3 (1979). The attorney for State Automobile Insurance Company, in his brief argues that since the decedent's car was not involved in the collision, his insurance coverage does not apply. However, as the

court found in the Greathouse case, supra, the Pennsylvania No-fault Act, in §204, found that the victim's insurance carrier was still liable even though the insured's car was not involved. Section 204 of the act provides:

"Source of basic restoration benefits.

(a) Applicable security — The security for the payment of basic loss benefits applicable to an injury to:

. . .

(2) An insured is the security under which the victim or deceased victim is insured . . ."

We, like the court in the Greathouse Case, are persuaded that the Pennsylvania No-fault Act compels the victim's insurance carrier to accept as its lawful obligation, the payment of benefits, even though his car was not involved.

### ORDER

And now, this March 8, 1985, the court grants defendant, United States Fidelity and Guaranty Company's motion for a summary judgment against its co-defendant, State Automobile Mutual Insurance Company. As to the motion of defendant, State Automobile Mutual Insurance Company, seeking a summary judgment against United States Fidelity and Guaranty Company, that motion is refused.