## Strayer v. Petry (No. 2)

*Mary A. Dissinger,* for plaintiff.
*Thomas E. Brenner* and *Craig J. Staudenmaier,* for defendants.

HESS, *J.,* December 14, 1990—This case comes before us on the defendants' motion for partial summary judgment. The pleadings in this case, and the record thus far adduced, reveal the following.

The plaintiff, R. Keith Strayer, who suffers from mild cerebral palsy in both legs, was hired to serve as a full-time counterman at an auto parts store known both as Petry's Auto Parts and West Shore

Tire and Supply Company. The defendants have been named in their capacity as owners or managers at Petry's. The plaintiff's employment commenced on November 27, 1984, and included such duties as taking telephone and counter orders for auto parts, filling those orders by preparing the appropriate paperwork and using a computer terminal for invoicing and inventory information. On January 25, 1986, the defendants, Robert Petry and William Petry, discharged the plaintiff from his employment at Petry's.

Approximately one month later, the plaintiff filed a complaint before the Pennsylvania Human Relations Commission alleging discrimination based upon a handicap. After more than one year passed without a resolution of the claim before the commission, this suit was properly initiated by a complaint filed on June 15, 1987. After several amendments, the complaint, which earlier had various counts stricken as a result of our ruling on preliminary objections, currently seeks recovery based upon wrongful discharge under the Pennsylvania Human Relations Act,* discrimination under the PHRA, and for breach of contract. The defendants' current motion seeks to limit the plaintiff's claim to a cause of action based upon discrimination under the PHRA.

### DISCUSSION

In ruling on the defendants' motion, we are guided by well-established rules of Pennsylvania law. Summary judgment may be granted under Pa.R.C.P. 1035:

"[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

* 43 P.S. section 951 et seq.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In determining whether summary judgment should be entered, the following principles are applicable:

"The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983). In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. . . . *Shacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). . . . Summary judgment should be granted only in the clearest case, where the right is clear and free from doubt. *Thompson Coal Co. v. Pike Coal Co., supra; Weiss v. Keystone Mack Sales Inc., supra.*" *Bertani v. Beck,* 330 Pa. Super. 248, 251-252, 479 A.2d 534, 535 (1984).

The defendants' first argument in support of their partial summary judgment motion is that the PHRA provides a statutory remedy that precludes assertion of a common law tort action for wrongful discharge based upon discrimination. Thus, the defendants seek to have the counts in the complaint alleging wrongful discharge based upon discrimination dismissed. We believe their argument, in this regard, is meritorious.

The PHRA provides that it is an unlawful practice for an employer to discharge from employment or otherwise discriminate against an employee on the basis of a non-job-related handicap. 43 P.S. section 955(a). In section 953, the PHRA creates a right for

employees to be free from job discrimination based upon numerous grounds, including a non-job-related handicap. "The opportunity for an individual to obtain employment for which he is qualified . . . without discrimination because of . . . handicap or disability . . . is hereby recognized and declared to be a civil right which shall be enforceable as set forth in this act." 443 P.S. section 953. (emphasis supplied) In *Clay v. Advanced Computer Applications,* 522 Pa. 86, 559 A.2d 917 (1989), our Supreme Court had occasion to interpret section 953 of the PHRA:

"The use by the legislature of the word 'shall,' as opposed to 'may,' expresses an intent to make administrative procedures under the PHRA a mandatory rather than discretionary means of enforcing the right created thereby. Clearly, too, the right in question is of purely statutory origin, for, as discussed supra, common law rights to be free from termination of at-will employment are not generally recognized, and we have never held that at-will employment terminations arising from . . . discrimination are actionable at common law." *Id.* at 90, 559 A.2d at 919.

While the PHRA creates a right for employees to be free from employment discrimination, this right must be exercised pursuant to the procedures of the PHRA, and it cannot be used as the basis of a wrongful discharge action in tort.

This was the holding reached recently by the Third Circuit Federal Court for the Western District of Pennsylvania. In *McWilliams v. A.T.&T. Information Systems Inc.,* 728 F. Supp. 1186 (W.D. Pa. 1990) the defendant's motion to dismiss was granted where the plaintiff's wrongful discharge claim was premised on her claim of handicap discrimination. The court stated that: "Pennsylvania law as well as

the law of this circuit supports our conclusion that plaintiff may pursue her wrongful discharge based upon discrimination only under the PHRA." *Id.* at 1192. The rationale for this rule was discussed in *Clay, supra,* wherein the court recognized that the entire purpose of creating the Pennsylvania Human Relations Commission would be frustrated if aggrieved employees were permitted to circumvent the PHRA's procedures by filing a claim based upon wrongful discharge alleging discrimination in tort.

The defendant's next argument is that the record does not support the plaintiff's claim alleging breach of employment contract. Pennsylvania courts have long followed the rule that, absent a contract, employees may be discharged at any time, for any reason, or for no reason at all. *Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986). This rule has given rise to a presumption that an employment agreement is terminable at will by either party. *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 526 A.2d 1192 (1987).

"The essence of the employment at-will presumption is that the decision to discharge an employee is best left to the managerial prerogative and generally will not be reviewed in a judicial forum. The other side of the rule is that an employee may resign at any time, for any reason, or for no reason at all." *Veno v. Meredith,* 357 Pa. Super. 85, 96, 515 A.2d 571, 577 (1986). The most elementary way that the parties can overcome the at-will presumption is by express contract. *Id.*

In the instant case, the complaint alleges that an oral employment contract existed between the parties: "Defendant Robert Petry expressly and impliedly promised orally that they would not arbitrarily and without just and good cause terminate

plaintiff's employment before normal retirement." Standing alone, we believe this statement is sufficient to allege that an oral contract was created by the parties. However, various discovery materials supplement the pleadings, and we turn to them in an effort to determine whether there is evidence of an employment contract between the parties.

While the various interrogatories provide no pertinent information regarding the employment contract issue, the plaintiff, in his deposition, is questioned by defense counsel with respect to the allegations in paragraph 20 of the complaint. Questioning by Mr. Brenner, counsel for Robert Petry and Gloria Petry, revealed the following:

"Q. You indicate in the complaint that was filed, the fourth amended complaint in this matter, that William Petry expressly and impliedly promised orally that you would not be terminated but for just and good cause. When did he tell you that?

"A. The day he hired me.

"Q. What did he say to you at that time, do you recall?

"A. He had told me one time that they only ever fired one person from the store.

"Q. Did he ever tell you that you would only be discharged for good cause?

"A. This is hard to remember, seeing that four years have passed since—more than four years have passed since this time. I think the way Bill had phrased it was, you know, that he could not foresee any reason for dismissal seeing that they had only ever dismissed one person in the whole time of the existence of their store.

"Q. But in terms of saying to you, you will not be dismissed except for just and good cause, did he ever say those words to you?

"A. I don't remember, sir.

"Q. Are you aware of anyone who overheard him say those words to you?

"A. I'm not aware of anyone, sir."

Questioning by Mr. Staudenmaier, counsel for William Petry, also involved inquiries to the meaning of paragraph 20 in the complaint.

"Q. Now you state there, by reason of expressed and implied policies and procedures. What policies and procedures are you referring to in that paragraph?

"A. Just upon the fact that William Petry had told me that he only ever dismissed one person before from the employment of said company during its entire existence that I guess that is from what I drew the conclusion that—

"Q. See, I'm unclear. And what I'm trying to get at is just exactly what the conclusion was that you drew from that statement.

"A. That I would work there until retirement.

"Q. And that conclusion—I just want to make sure I understand—was based upon a statement that Bill Petry had made to you that during the course of Petry's business, they had only ever fired one employee?

"A. Yes."

Having carefully considered the statements of the plaintiff in his deposition, we decline to grant summary judgment with respect to the breach of employment contract claim. The communications between R. Keith Strayer and William Petry concerning the terms of the plaintiff's employment remain ambiguous. The grant of summary judgment is to be reserved for those cases where the defendants' right is clear and free from doubt. In its current posture, this case does not present such a situation.

The defendant's final argument is that the plaintiff's claim does not entitle him to a trial by jury. However, the defendants' brief argues this point based upon the assumption that the plaintiff's cause of action is limited to discrimination claims arising under the PHRA. While we agree that if the plaintiff's case were limited to violations of the PHRA he would not be entitled to a jury trial, our refusal to dismiss the plaintiff's claim for breach of contract requires a contrary result.

Article 1, section 6 of the Pennsylvania Constitution provides that "Trial by jury shall be as heretofore, and the right thereof remain[s] inviolate." This phrase has been interpreted to mean that the Pennsylvania Constitution "preserve[s] the right to trial by jury in those cases where it existed at the time the constitution was adopted." *Pennsylvania Public Utility Commission v. W.J. Dillner Transfer Co.,* 191 Pa. Super. 136, 149-150, 155 A.2d 429, 435 (1959). That the Pennsylvania Constitution has preserved the right to a jury trial in breach of contract cases is axiomatic.

### ORDER

And now, December 14, 1990, after careful consideration, the defendants' motion for partial summary judgment with respect to the plaintiff's claim for wrongful discharge under the PHRA is sustained. The motion for partial summary judgment with respect to breach of contract and for denial of a jury trial is denied.