Prince, Appellant, *v.* Pavoni.

Argued December 6, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Edward J. David,* with him *Henry B. Fitzpatrick, Jr., Frederick W. McBien, III, Liebert, Short, Fitzpatrick & Lavin,* and *Bean, DeAngelis, Kaufman & Kane,* for appellant.

*Benjamin E. Zuckerman,* with him *Wright, Spencer, Manning & Sagendorph,* for appellees.

OPINION BY WATKINS, J., March 27, 1973:

This appeal is from an order of the Court of Common Pleas of Montgomery County which granted a summary judgment in favor of the appellee, Louis G. Pavoni and Marie R. Pavoni, and against the appellant, Gertrude Prince.

On January 15, 1970, the appellant, Gertrude Prince, was walking on the sidewalk owned and under the control of appellees, when she fell and suffered a fractured hip. A complaint alleged that she suddenly and without warning slipped and fell to the ground by reason of coming into contact with certain hills and ridges of snow and ice.

In answer to appellee's written interrogatories, appellant answered as follows:

"2. Plaintiff was walking in a northerly direction on the sidewalk of 112 Grayling Avenue, Narberth, Pennsylvania, exercising due care, when suddenly and without warning she slipped and was thrown to the ground by reason of coming into contact with certain hills and ridges of snow and ice on said sidewalk. . . .

"29. A very heavy accumulation of snow occurred approximately one week before the incident. Fresh snow fell in considerable amounts on January 11, 1970 and January 12, 1970, two days before the plaintiff was injured, and covered the snow and ice which had accumulated on the defendants' premises.

"30. Plaintiff crossed Grayling Avenue near premises in question and reached sidewalk and turned right. Plaintiff fell while walking on sidewalk adjacent to the premises in question. Sidewalk was covered with hills and ridges of ice all of which was hidden by a blanket of snow. . . .

"34. The hills and ridges with which plaintiff came into contact were as much as three to four inches high and four to six inches wide."

Later the appellant described the condition while being orally deposed as follows:

"Q. Well, did it look to you as if it was snow that had fallen within 12 hours? A. I don't know, but it went into my feet and my hands. Q. Do you recall whether there were any other footprints on the snow on the sidewalk where you fell? A. No, I do not. Q. Just a couple of final questions. In that sidewalk area where you fell, I'm now referring to the condition of the ice and snow, did you see any what we would call hills and ridges in that area of snow or ice right on the sidewalk where you slipped? A. Yes, there were some. Q. Can you describe what you mean by that? A. Well, you just described them yourself, some little pieces underneath the snow."

A motion for summary judgment was filed by appellees and after oral argument before the court below, the motion was granted under Pennsylvania Rules of Civil Procedure 1035.

Rule 1035(a) reads as follows: "(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any."

It is well settled and beyond reasonable dispute that such a severe dispository procedure should not be granted except in the "clearest" of cases where there is not the least doubt as to the absence of a triable issue of material fact. *Mallesky v. Stevens*, 427 Pa. 352, 235 A. 2d 154 (1967); *Kotwasinski v. Rasner*, 436 Pa. 32, 258 A. 2d 865 (1969); *Toth v. Philadelphia*, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968); *McFadden v. American Oil Co.*, 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969).

The burden of proving the absence of any genuine issue of fact is on the moving party and all doubt in reference thereto must be resolved against that moving

party. *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968).

The burden of the nonmoving party where summary judgment is requested is not the same as the burden during a trial of the issues; it need only be shown that there is a genuine issue as to any material fact.

All averments of appellant are uncontradicted, though not all set forth in the classic language of the expert they do present a genuine issue of a material fact which should only be determined by a trial.

The order is reversed and the summary judgment is vacated.