## Penn Maid Hosiery Mills, Inc. v. Affiliated FM Insurance Co.

Before Eshelman, *P.J.*, and Schaeffer, *J.*

*Clifford B. LePage, Jr.*, for plaintiff.
*Edward L. McCandless*, for defendant.

ESHELMAN, *P.J.*, November 30, 1979—Affiliated FM Insurance Company (hereinafter defendant), has moved for summary judgment in this action commenced by Penn Maid Hosiery Mills, Inc. (hereinafter plaintiff). In ruling on the motion, the court has before it and, pursuant to Pa.R.C.P. 1035, has reviewed the following: plaintiff's fourth amended complaint, defendant's answer and new matter, plaintiff's reply to new matter, plaintiff's answer to defendant's interrogatories, plaintiff's answers to defendant's requests for admissions of fact, defendant's answers to plaintiff's interrogatories, a supporting affidavit attached to defendant's motion for summary judgment and plaintiff's answer to defendant's motion for summary judgment.

Summary judgment is only to be granted in cases clear from doubt: Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973). In considering the motion, the record is to be examined in the light most favorable to the nonmoving party: Bollinger v. Palmerton Area Communities Endeavor, Inc., 241 Pa. Superior Ct. 341, 361 A. 2d 676 (1976). Then, if the record would warrant the granting of a defendant's point for binding instructions after trial, the motion should be granted: Bremmer v. Protected Home Mutual Life Insurance Co., 436 Pa. 494, 260 A. 2d 785 (1970).

Plaintiff's fourth amended complaint avers that fourteen knitting machines owned by plaintiff were damaged beyond repair when water flowed from a broken water pipe, dousing the said machines with water, which then froze within the machines. Plaintiff seeks recovery pursuant to a fire insurance policy with extended coverage issued to plaintiff by defendant. A copy of the policy is attached as Exhibit A to the fourth amended complaint. Defendant admits that it issued the insurance policy but avers as new matter that the policy "does not provide coverage for any damage or loss by water, flood or release of water."

The filing of affidavits in support of a motion for summary judgment and in opposition thereto is permitted by Pa.R.C.P. 1035(a) and (b). The affidavit attached in support of defendant's motion is that of a professional metallurgist whose report is that if water had frozen, as alleged, within the machines, the freezing would not have intensified the rusting process and, further, that upon his examination he found no evidence that component parts had been broken or distorted, which would have been the result if water had expanded to form ice. Plaintiff did not file a counter-affidavit.

Rule 1035(d) provides, inter alia: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In the absence of a counter-affidavit or deposition being filed, the *facts* presented in the affidavit must be taken as true: Phaff v. Gerner, 451 Pa. 146, 303 A. 2d 826 (1973); Amabile v. Auto Kleen Car Wash, 249 Pa. Superior Ct. 240, 376 A. 2d 247 (1977). However, even in the absence of a counter-affidavit, "[i]t is preliminarily imperative that the moving party's affidavit evidence clearly dispel [sic] the existence of any genuine factual issue as required by Rule 1035(b)." Marchese v. Marchese, 457 Pa. 625, 630, 326 A. 2d 321, 323 (1974).

Pursuant to paragraph 3 of the admissions of fact requested of plaintiff by defendant, plaintiff admits: "Except for damage which may have been caused by wetting of electrical parts on the fourteen machines involved in this suit, the exclusive problem of those machines is the rusting of various metal parts." Therefore, plaintiff does not seek recovery for any broken or distorted component parts caused by the alleged expansion of water. However, plaintiff argues that the alleged freezing intensified the rusting process.

Being the theoretical opinion of one expert, defendant's supporting affidavit does not clearly dispel the *factual* issue as to whether the rusting of the knitting machines was greater than normal due to a formation of ice. Nevertheless, even allowing plaintiff the benefit of any doubt, the motion for

summary judgment cannot be denied unless coverage for this type of harm has been provided under the parties' insurance contract. Interpretation of an insurance policy is a question of law for the court: Adelman v. State Farm Mutual Automobile Insurance Co., 255 Pa. Superior Ct. 116, 386 A. 2d 535 (1978).

Plaintiff seeks recovery under the following provision contained in the policy's exclusion section (paragraph 3 on page ten of exhibit A):

"This Company shall not be liable for loss or damage: . . . 3. Resulting from flood or the release of water from natural or man-made bodies of water, whether or not caused by or contributed to by an insured peril. However, liability is specifically assumed for loss or damage by fire, sprinkler leakage, explosion, or accident, all as defined and limited elsewhere in this Policy, resulting from flood or the release of water from natural or man-made bodies of water. For the purpose of this Policy, flood includes but is not limited to tidal wave, wave wash, high water, or overflow, surface or rising water, all whether or not driven by wind."

Plaintiff argues that since the term "accident" has not been expressly defined elsewhere in the policy, an ambiguity exists therein. As a result, plaintiff argues, by construing the ambiguity in a light most strongly supporting the insured, the breaking of the pipe or the alleged freezing of the water within the machines would constitute an "accident . . . resulting from flood or the release of water," for which liability under the policy has been specifically assumed. On the other hand, defendant

argues that an exclusion provision cannot expand or broaden the coverage otherwise provided by the policy.

The insurance policy states on page 3 of the exhibit: "INSURANCE IS PROVIDED AGAINST ONLY THOSE PERILS AND FOR ONLY THOSE COVERAGES INDICATED . . . AND AGAINST OTHER PERILS AND FOR OTHER COVERAGES ONLY WHEN ENDORSED HEREON OR ADDED HERETO." Thereinafter, the policy indicates the following to be insured perils: fire and lightning; extended coverage; vandalism and malicious mischief; and sprinkler leakage. The following perils are enumerated in the extended coverage section of the policy: wind or hail; sprinkler leakage; explosion; riot, civil commotion, vandalism, and malicious mischief; acts by civil authority done to prevent the spread of fire; impact of vehicles; impact of aircraft; sonic boom; smoke; molten material; and limited radioactive contamination.

A recent decision by the Court of Special Appeals of Maryland, Simkins Industries v. Lexington Insurance Co., 42 Md. App. 396, 401 A. 2d 181 (1979), involved interpretation of language identical to that contained in the exclusion provision quoted above. The plaintiff therein argued that the language was ambiguous. The court, 401 A. 2d at 185, referred to the following commentary provided in 12 Couch on Insurance 2d §44:416: "'When a policy exception itself contains an "exception" clause, the effect of the latter is to restrict the sphere of operation of the exception and thus make the exception inapplicable and allow recovery *if the harm sustained is otherwise within the coverage of the policy.*'" (Emphasis supplied by the Maryland court.) The court concluded that the language was not ambiguous. Further, by applying the principle

enunciated by Couch, the court held that the policy language in question is an exception to the broad exclusion of flood damage from the policy's coverage, and to recover thereunder the harm sustained by the insured has to be "'otherwise within the coverage of the policy.'" (Footnote omitted.) Simkins Industries v. Lexington, supra, 401 A. 2d at 185.

Pennsylvania decisions, although not on point, support the holding in Simkins Industries. An insurance policy provision can only be considered ambiguous if reasonably intelligent men would differ as to its meaning when considered in the context of the entire policy: Celley v. Mutual Benefit Health and Accident Association, 229 Pa. Superior Ct. 475, 324 A. 2d 430 (1974). The policy terms cannot be given a construction that conflicts with the accepted and plain meaning of the language used: Adelman v. State Farm Mutual Automobile Insurance Co., supra. Furthermore, stipulations of an exclusion provision cannot be interpreted in a manner creating a liability different from that provided in the other provisions of the policy: Yoder v. United Benefit Life Insurance Co., 171 Pa. Superior Ct. 18, 90 A. 2d 399 (1952).

Applying these principles to the instant action, the policy's failure to expressly define "accident" does not render the exclusion language ambiguous. Instead, the clear intent of the language is that if an insured is to recover for a loss due to an accident resulting from a release of water, the accident must be a peril of the type defined by the other provisions of the policy.

For example, under the extended coverage of the policy there are provisions covering direct loss or damage from the following named perils (paragraphs 9-11 on page ten of exhibit A): "[s]moke . . .

resulting from the sudden, unusual and faulty operation of any stationary furnace . . ."; "[h]eat from molten material which shall have accidentally escaped from equipment . . ."; and the "[s]udden and accidental radioactive contamination. . . ." These provisions, which involve insured perils of an accidental nature, serve to define and limit the scope of the term "accident." Any other interpretation would result in the exclusion provision being taken out of context to create a liability not assumed by the insurer elsewhere in the policy, and the policy clearly stipulates that recovery can be had only for named perils.

We conclude that since recovery for damage or loss from a broken water pipe or the freezing of water in equipment and the rusting thereof has not been granted under the coverage terms of the policy, the exception to the exclusion provision cannot be construed to permit plaintiff to recover from defendant for the loss incurred.

Moreover, it does not appear from the pleadings that the breaking of the pipe was an accident resulting from a release of water. Plaintiff avers in its complaint that the pipe "was unintentionally broken when heavy equipment was moved by the Landlord or his agent. . . ."

Furthermore, with respect to the freezing and rusting, as alleged in the instant action, the accepted and plain meaning of the word "accident" precludes a determination that the occurrences constitute an accident. "An accident is 'an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected; chance; casualty; contingency.'" North American Life and Accident Insurance Co. v. Burroughs, 69 Pa. 43, 51, 8 Am.R.

212, 216 (1871); accord: Dilks v. Flohr Chevrolet, 411 Pa. 425, 192 A. 2d 682 (1963); Moffat v. Metropolitan Casualty Insurance Co. of New York, 238 F. Supp. 165 (M.D. Pa. 1964). The rusting of equipment or the freezing of water therein are not unusual or unexpected effects of having water released on equipment under the circumstances presented in this case.

Therefore, as a matter of law, the terms of the insurance policy do not provide coverage for the harm sustained by plaintiff, whether or not such harm was aggravated by the alleged formation of ice. Accordingly, the motion for summary judgment must be granted.

Schaeffer, *J.*, concurs in the result.

### ORDER

And now, November 30, 1979, it is hereby ordered that defendant's motion for summary judgment is granted, and judgment is entered in favor of defendant.