## McGlade v. Ohio Casualty Insurance Company

*Andrew Elash*, for plaintiffs.
*Joel Feldscher*, for defendant.

GAFNI, *J.,* January 18, 1980—Defendant insurance company had issued an automobile insurance policy to plaintiff that provided for benefits as set forth in the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101-107 (No-fault Insurance Act). He filed for benefits due him after he was injured in an automobile accident on August 16, 1975. Defendant issued six checks to plaintiff pursuant to this claim dated September 3, 1975, September 4, 1975, September 18, 1975, September 29, 1975, January 22, 1976, and June 1, 1976. The last check was cashed by plaintiff on June 4, 1976.

The instant action, claiming further benefits for expenses incurred after June, 1976, was commenced on September 28, 1978. Defendant subsequently filed a motion for summary judgment on the ground that the time within which such an action might be instituted had expired in June,

1978. On November 5, 1979 this court granted defendant's motion, from which judgment plaintiff has now appealed.

The No-fault Insurance Act, 40 P.S. § 1009.106 (c)(1), contains the following limitations on actions to recover benefits in personal injury cases:

"(c) Time limitations on actions to recover benefits. —

"If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits."

In essence, the above-quoted section distinguishes between situations in which no-fault benefits have never been paid and those in which benefits have been paid. In the former circumstance, action must be commenced within two years after defendant suffers and knows of the loss, but in no event later than four years after the accident. Once benefits have been paid, however, action for further benefits must be commenced not later than two years after the last payment of benefits.

In its motion for summary judgment, defendant noted that since some benefits had been paid, the applicable time limitations are contained in the second sentence of the above section, allowing an action to be brought not later than two years after

the *last benefits actually paid.* Consequently, the last payment having been made in June, 1976, this action should have commenced by June, 1978. Since the action was not initiated until September 28, 1978, it was not within the statutory time limitation.

Plaintiff, however, set forth two arguments in opposition to the motion for summary judgment:

(1) The two-year statute of limitations referred to in the second sentence does not apply to a loss that accrues at any time within the initial four-year period.

(2) Summary judgment is not an appropriate remedy in this case because there are material facts in dispute.

Plaintiff argues that under the no-fault statute a loss accrues when an allowable injury-related expense is sustained, and that benefits are only payable when the loss actually accrues: 40 P.S. § 1009.106(a)(1). Accordingly, each "loss" in the first sentence of the statutory limitations section stands on its own. He would contend, therefore, that notwithstanding any benefits which may have been paid for a prior "loss," further expenses resulting from the accident are really a new "loss." He concludes, therefore, that if there is a new and different loss discovered within the initial four-year period following the accident, it should be deemed that no prior benefits have been paid for this loss, and suit, therefore, should not be barred. Otherwise stated, he suggests that as long as he is within the four-year period, he should, without regard to whether other benefits have been paid, be permitted to bring an action for a new "loss" so long as within two years prior thereto he did not know or should not have known of this new loss.

The difficulty with the position of plaintiff is that it ignores the plain reading of the second sentence of the statute. The statute makes clear that "if no-fault benefits have been paid for loss . . . an action for further benefits . . . may be commenced not later than two years after the last payment of benefits." 40 P.S. § 1009.106(c). It should be noted that this sentence specifically covers the instant situation; it provides a strict limitation on legal action timed from the last payment of benefits. It nowhere contains language which would suggest a differentiation between benefits for "new" losses and "old" losses. It plainly bars any action for "further benefits" without distinguishing between whether they were for a loss on which some benefits had already been paid or for a "new" loss, on which no benefits had been paid. In addition, there is nothing to suggest that the limitation in the second sentence would only apply to periods of time beyond the initial four-year period, or that it has no application so long as the initial four-year period has not elapsed. In other words, the second sentence is clear, direct and without qualification as to time, loss or benefits.

The legislative intent underlying these limitations is apparent when the section is read in its entirety. A claimant is allowed a maximum of four years from the date of an accident in which to commence an action on a loss other than death. But, if any loss, other than death, does occur, and the claimant knows or should have known that it was accident-related, he has only two years from the date of such loss in which to file suit, even if less than four years has expired since the original accident. In other words, once any disputed accrued detriment takes place, a claimant must file suit

within two years thereafter or lose his remedy. Once a benefit has been paid, however, and there is an acknowledged accident-related loss, both the insurance company and the injured party are on notice that a new statute of limitations begins to run from the last payment. This new period may expire prior or subsequent to four years after the accident. If no claim is made for a period of two years, it is presumed that any loss after this trouble-free period is unrelated to the accident and further benefits need not be paid. On the other hand, if a loss is suffered within two years of the last payment, the new loss may be found to have been accident-related. While one may question the wisdom of a statute of limitations which may be foreshortened by an insurance company's payment, however minimal, the statutory limitation is unqualified and may not be ignored by this court.

Plaintiff in the instant action did receive some benefits. He was therefore bound by the statute to institute his action for further benefits within two years of the last payment actually made to him. He did not, and is, consequently, now barred from doing so.

Plaintiff further argues that summary judgment is not an appropriate remedy here.

Summary judgment may be had if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). A motion for summary judgment is available in order to avoid useless trials, and should only be granted in the clearest of cases, Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973), where as a matter of law, the facts as agreed upon by the parties dispose of the entire action.

This court has determined that the statute of limitations applicable to this case is contained in the second sentence of section 1009.106(c)(1), supra. Since *some* benefits related to the 1975 accident were paid, an action for further benefits must have been commenced not later than two years after the date of the last payment. Thus, the threshold fact to be determined is the actual date of such payment. If it is uncontroverted that the last payment was made to plaintiff more than two years before he instituted his suit, this action will be barred as a matter of law. All other issues in dispute would then become irrelevant, for there would no longer be any claim before the court upon which relief could be granted.

In his reply to defendant's new matter, plaintiff alleged that he had no recolleciton of when the last payment was received. However, in his answer to the motion for summary judgment he admitted that the last payment to him was in fact made in June, 1976, a date more than two years before action was instituted. Accordingly, plaintiff can no longer argue that this fact, which alone controls the calculation of the statutory period, is in dispute.

As there is no fact at issue material to a determination of the expiration of the statute of limitations, summary judgment on that question is appropriate. This court has held as a matter of law that the statute of limitations in this action expired in June, 1978, or two years after the insurer-defendant made its final payment of benefits to plaintiff. The instant action was not filed until September 1978 and, consequently, was barred under the statute. Defendant's motion for summary judgment was, therefore, granted, and the action was dismissed.