**Fasig v. Security-Connecticut Life Ins. Co.**

C.P. of Wayne County, no. 176-Civil-1998.

*Mark R. Zimmer,* for plaintiff.

*Arthur H. Rainey,* for defendant Security Connecticut Life Ins. Co.

*Richard K. Hodges,* for defendants Paciotti Ins. Inc. and Virgil Paciotti, individually.

CONWAY, *J.,* March 8, 1999—Presently before the court are the defendants' motions for summary judgment. Pa.R.C.P. 1035.2 states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party

may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

The standards applicable to any motion for summary judgment are:

(1) When ruling on a motion for summary judgment, a court must accept as true all well-pleaded facts and consider any admissions of record, but must resolve any doubts as to the existence of a genuine issue of a material fact against the moving party. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 865 (1969); *Prince v. Pavoni,* 225 Pa. Super. 286, 302 A. 2d 452 (1973); *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841(1968). We must view the record in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences. *Schacter v. Albert, supra.* The burden is on the non-moving party to show the existence of a genuine issue of material fact. He is not required to prove the fact itself. *Prince v. Pavoni, supra. Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

The court's analysis of the motions will utilize these standards. All references to a transcript pertain to the

deposition testimony of the plaintiff on February 5, 1999.

In the spring of 1985, Charles Fasig met with Virgil Paciotti Jr. to discuss purchasing a life insurance policy. Paciotti and his agency were licensed and authorized to conduct business in Pennsylvania. They held themselves out and represented themselves to be specialists and experts in the field of life insurance. Fasig told Paciotti that he wished to purchase life insurance in the amount of $100,000. The payment of the premium would be in one lump sum. The policy would be fully paid upon the date of issuance of the policy. Paciotti agreed and contracted to obtain insurance based upon Fasig's request.

On May 23, 1985, Paciotti obtained a policy issued by defendant Security-Connecticut to plaintiff. Plaintiff paid the one-time premium in the amount of $9,000 when the actual physical delivery of the policy took place on June 7, 1985.

When the policy was delivered, Paciotti told Fasig that the policy he was buying was a fully paid life insurance policy and that Fasig would be covered for the rest of his life. Mr. Fasig was alarmed by information showing that the $9,000 premium was only "guaranteed" to pay for the policy for a period of 12 years. He discussed it with Paciotti at that time. (N.T. 55-58, 117-18.) Paciotti told plaintiff that he could ignore this information because it "did not pertain" to him. Plaintiff relied on these assurances and was thereby led to believe that the policy satisfied all of his requirements as previously agreed to by Paciotti.

In May of 1997, plaintiff received a document from Security-Connecticut which indicated that the coverage

contained in his life insurance policy would only remain in force until May 23, 2002 (based on current interest, cost of insurance rates and expense charges) or November 23, 2004 (based on current interest, cost of insurance rates and expense charges). Plaintiff contacted Security-Connecticut at that time and was advised that in order to maintain coverage until age 69, he would need to pay a single premium payment of $5,000. If he wished to maintain coverage until age 73, he would need to make a single premium payment of $10,000. Because of plaintiff's reliance on the assurances given him by Paciotti at the time of the purchase of the life insurance policy, he did not discover that there were assertions to the contrary contained within the policy.

Since the issuance of the policy, plaintiff has become uninsurable because of various medical conditions, including hypertension, anxiety and a rare lung disease known as langerlaus cell granulomatosis.

The motion for summary judgment filed by Security-Connecticut Life Insurance Co. is addressed to Count IV of the complaint, because that count contains the only claim alleged against the defendant company. The motion for summary judgment filed by Paciotti Insurance Inc. and Virgil Paciotti Jr., individually, pertains to the remainder of the complaint.

Specifically, plaintiff's Count I against Virgil Paciotti Jr., individually, alleges a breach of contract in that Virgil Paciotti Jr. failed to procure a policy of life insurance with a benefit of $100,000 in exchange for a one-time payment of a premium in the amount of $9,000; Count II alleges the liability of Paciotti Insurance Agency Inc. premised on the doctrine of respondeat superior and predicated upon the breach of contract allegedly committed by Virgil Paciotti Jr.; and

Count III of plaintiff's complaint alleges a cause of action sounding in negligence against defendants Paciotti predicated on their breach of duty to exercise reasonable skill, care and diligence in procuring the insurance coverage for the one-time premium payment of $9,000, as defendants allegedly assured plaintiff they would obtain.

The first issue is whether or not the defendants are entitled to summary judgment because of the alleged expiration of the statutes of limitation concerning plaintiff's causes of action in breach of contract and negligence. Both motions espouse this argument based upon the applicable statute of limitations.

Pursuant to 42 Pa.C.S. §5524, the statute of limitations regarding a cause of action in negligence is two years. The court finds a very recent decision by the Pennsylvania Supreme Court controlling as to this issue. The relevant language is:

" '[T]he statute of limitations begins to run as soon as the right to . . . maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations.' . . . The statute of limitations requires aggrieved individuals to bring their claims within a certain time of the injury, so that the passage of time does not damage the defendant's ability to adequately defend against claims made. As we have noted elsewhere, the statute of limitations 'suppl[ies] the place of evidence lost or impaired by lapse of time, by raising a presumption which renders proof unnecessary . . . .'

"The 'discovery rule,' so-called, is an exception to the requirement that a complaining party must file suit within the statutory period. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot

reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. . . .

"As we have stated before, the rule is an equitable one, which excludes the period of time during which the injured party is *reasonably unaware* that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury. . . . Although the purpose of this rule is 'to mitigate, in worthy cases, the harshness of an absolute and rigid period of limitations,' it is also true that the rule 'cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists.' . . .

"The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence. . . . The standard of reasonable diligence is objective, not subjective. It is not a standard of reasonable diligence unique to a particular plaintiff, but instead, a standard of reasonable diligence as applied, to a 'reasonable person.' " *Dalrymple v. Brown,* 549 Pa. 217, 224, 701 A.2d 164, 167 (1997). (citations omitted) (emphasis in original)

An examination of the record in the light most favorable to the plaintiff reveals that he failed to exercise reasonable diligence, and his failure to do so bars his cause of action in negligence. The court's review of the record revealed:

(a) In 1976, the plaintiff started a home construction business. (N.T. 145);

(b) The plaintiff said the following about the contract used in his business: "I know it back and forth." (N.T. 16);

(c) The plaintiff testified to the following about the contracts utilized in his business:

"A. My construction contracts?

"Q. Your construction contracts. And sometimes purchasers would mark those, their lawyers or they would mark them up themselves, right?

"A. They would change it.

"Q. They would change it. Before they, before you sent them a contract, you already had some sort of oral negotiations with these people; is that right; you had already talked to them about the deal?

"A. Yeah.

"Q. You already had an idea in your head of what the deal was, right?

"A. Yes. They normally took the specifications and the contract with them.

"Q. Okay. If they sent the contract back marked up, why was it important for you to go through it?

"A. To see if there was any changes.

"Q. Okay. Why would the changes be important?

"A. Because some people lie like hell and cheat like hell." (N.T. 104-105);

(d) The plaintiff indicated he was experienced regarding investments and life insurance and understood the risks. (N.T. 17, 25-28);

(e) The policy states on its cover in bold, capital letters, Important—Read Your Policy Carefully (exhibit A at 1);

(f) The plaintiff testified he put the policy in the safety deposit box and did not read it until he received

a letter from defendant company informing him his policy was going to expire. (N.T. 64, 65);

(g) The defendant company mailed the plaintiff annual reports (exhibit F) from 1986-1996 which the plaintiff placed in the trash. (N.T. 113);

(h) These annual reports each contained an explanation of guaranteed and current interest rates. (N.T., exhibits 3-15); and

(i) The annual report dated March 25, 1987 contained an additional notice bearing even date indicating maturity of the policy and the guaranteed rate and applicable current rate of interest, the former indicating expiry of the policy 24 years, 11 months under current assumptions and 10 years three months under guaranteed assumptions, if no further premiums were to be paid. (N.T., exhibit 2.)

Clearly, the plaintiff failed to exercise reasonable diligence. If the plaintiff had exercised even a small degree of effort, the exact nature of his policy would have been apparent.

The statute of limitations for causes of action sounding in contract breach is four years. 42 Pa.C.S. §5525. The plaintiff must exercise reasonable diligence. *Romeo & Sons Inc. v. Yezbak & Son Inc.,* 539 Pa. 390, 394, 652 A.2d 830, 832 (1995). Since the court has concluded the plaintiff failed to exercise reasonable diligence, his cause of action for breach of contract cannot proceed.

All defendants have also raised an issue pertaining to the economic loss doctrine. "The general rule of law is that economic losses may not be recovered in tort (negligence) absent physical injury or property damage." *Spivack v. Berks Ridge Corp. Inc.,* 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990). (citations omitted)

In other words, "[p]urely economical loss, when not accompanied with or occasioned by injury, is considered beyond the scope of recovery even if a direct result of the negligent act." *Margolis v. Jackson,* 375 Pa. Super. 182, 185, 543 A.2d 1238, 1240 (1988). (citations omitted) By denying the preliminary objections in the case sub judice, the court allowed the plaintiff the opportunity to overcome this doctrine.

However, the review of the record, especially the plaintiff's deposition, revealed that the plaintiff's negligence claims are barred by this doctrine. The plaintiff has suffered strictly economic loss as a result of the defendants' alleged conduct.

The final issue concerns the plaintiff's misrepresentation and estoppel claims against the defendant company. The court finds the misrepresentation claims barred by the two-year statute of limitations of 42 Pa.C.S. §5524. The court finds the estoppel claims barred by the four-year statute of limitations of 42 Pa.C.S. §5525(8).

Further, these misrepresentations and estoppel claims allege he relied upon oral statements by the defendant, Paciotti. (Paragraph 27 of the complaint.) To support a claim for either intentional misrepresentation or negligent misrepresentation, there must be justifiable reliance on the misrepresentation. *Gibbs v. Ernst,* 538 Pa. 193, 207, 210, 647 A.2d 882, 889, 890 (1994). And, as this court stated in its opinion in the case sub judice of December 10, 1998, a claim for estoppel requires an examination of the plaintiff's reasonable expectation. *Straup v. Times Herald,* 283 Pa. Super. 58, 71, 423 A.2d 713, 720 (1980).

At the time the December 10, 1998 opinion was issued, it was unclear what the reasonable expectation

of the plaintiff was. Therefore, the court denied the defendants' preliminary objections. However, the court's examination of the record reveals that it was not reasonable for the plaintiff to rely on defendant Paciotti's alleged misrepresentations and ignore the overwhelming amount of contradictory information which was supplied to him.

Regarding the final issue of the plaintiff's negligent conduct, the court finds that the comparative negligence statute, 42 Pa.C.S. §7102, is not applicable. Instead, the doctrine of contributory negligence is applicable. Although the court agrees with the plaintiff's position that courts should find contributory negligence on the part of a plaintiff only in cases so clear that there is no room for fair and sensible men to differ on their conclusions from the available date. *Just v. Sons of Italy Hall,* 240 Pa. Super. 416, 368 A.2d 308 (1976). Fair and sensible men would not differ as to the instant plaintiff's conduct. It is unnecessary to once again recite the specific grounds of the plaintiff's contributory negligence. Clearly, the plaintiff's conduct was a substantial factor in bringing about his alleged harm.

Based on the foregoing, the court enters the following:

## ORDER

And now, to wit, March 8, 1999, it is hereby ordered that the motion for summary judgment filed by the defendant, Security-Connecticut Life Insurance Company, is granted.

It is further ordered that the motion for summary judgment filed by the defendants, Paciotti Insurance Inc. and Virgil Paciotti Jr., individually, are granted.

It is also ordered that the complaint filed by the plaintiff, Charles H. Fasig, be dismissed with prejudice.