## Saita v. Flower

*Julia Munley,* for plaintiff.
*Edward Patrick Heffron,* for defendant.

VAN JURA, *J.,* July 22, 2011—This matter is before the court on the motion for partial summary judgment filed by plaintiffs, Joseph Saita and Judy Saita, his wife.

These three (3) actions arise out of a motor vehicle

accident which occurred on July 28, 2006, in Hanover Township, Luzerne County, Pennsylvania. Plaintiff, Joseph Saita, was injured when his vehicle was struck by a vehicle driven by defendant, Richard Flower, who admittedly drove through a stop sign, and then proceeded into an intersection, without stopping or looking to see whether cars were entering the intersection. At the time of the accident, defendant, Richard Flower, was operating a vehicle owned by his employer, defendant, Colgate-Palmolive Company and was on his way to an employment site.

By way of background, the plaintiffs, Joseph Saita and Judy Saita, his wife, filed suit against defendant, Richard Flower, to Docket No. 7232-08, in the court of Common Pleas of Luzerne County, on May 23, 2008.

On July 8, 2008, plaintiffs filed suit to Luzerne County No. 9319-2008 against defendant, Colgate-Palmolive Company, alleging that the collision resulted from the negligence of its employee, defendant, Richard Flower.

On or about December 2008, Richard Flower filed a complaint to No. 9307-2008 against Joseph Saita alleging that the collision was caused, in whole or in part, by Joseph Saita's negligence. On March 28, 2011, all three (3) actions were consolidated by this court for all purposes.

The plaintiff, Joseph Saita, was traveling northbound on the Sans Souci Parkway. The collision occurred when the defendant, Richard Flower, made a left hand turn, off the exit from Route 29, on to the Sans Souci Parkway.

The defendant, Flower, has admitted proceeding

through the stop sign at the end of the exit without stopping, and entering the intersection, without looking. The defendant has, however, asserted as an affirmative defense, the provisions of 75 Pa. C.S.A. 3107, which confers a conditional privilege and alters a driver's duty to stop for a stop sign, when the driver is the non-lead driver of a vehicle in a funeral procession and other requirements are met. Discovery has been conducted and all the relevant pleadings are closed.

The plaintiffs, Joseph Saita and Judy Saita, have filed a motion for partial summary judgment, seeking dismissal of defendant, Flower's, affirmative defenses based on 75 Pa. C.S.A. 3107. (See Paragraph 28 of the defendant, Flower's New Matter which alleges, that the plaintiffs' complaint is barred by the provisions of 75 Pa. C.S.A. section 3107.)

The deposition of defendant, Richard Flower, was taken on November 4, 2009.

On the day in question, the defendant was traveling in the right hand lane of Route 29, intending to get off at the exit for the Sans Souci Parkway. (Dep. p. 64).

About a quarter mile from his exit, the defendant saw that the car in front of him had its flashers on and was driving slowly. He believed the vehicle had "car trouble." (p. 36, 38, 65, 66) He moved over to the left lane to pass the vehicle, and then realized the vehicle was in, and part of, a funeral procession. (Dep. pp. 36, 38, 39, 65). He passed another four (4) or five (5) vehicles in the funeral procession and saw that there was a gap between two (2) of the cars in the procession and then moved his vehicle

into the gap and into the funeral procession. (Dep. pp. 66, 67) He alleged he was forced to proceed that way in order to be able to exit Route 29, on to the Sans Souci Parkway. (Dep. p. 105) He proceeded to the end of the exit ramp, intending to make a left turn onto Sans Souci Parkway. (Dep. pp. 36, 38, 39, 41. 67) The defendant conceded "I was not involved in the funeral." (Dep. p. 71)

The defendant knew there was a stop sign at the end of the exit ramp. (Dep. p. 69) Mr. Flower did not stop at the stop sign. (Dep. p. 69) He did not look to see if there were vehicles coming down the Sans Souci Parkway. (Dep. p. 46) "Honestly, I didn't even look...normally I look both ways." (Dep. p. 46) Mr. Flower admitted he was not a part of the funeral, although his vehicle became physically situated in the funeral procession line of cars. (Dep. p. 71) Mr. Flower also admitted he did not intend to stay in the funeral procession line of cars, but intended to pull into a parking lot after he and the procession made the completed left hand turn on to the Sans Souci Parkway...". (Dep. p. 47, 73)

Mary Alice Erickson was a witness to the accident. Her deposition was taken on October 4, 2010.

She testified that Mr. Flower's vehicle did not have any designation on it that indicated it was part of a funeral procession. (Emphasis supplied) (Erickson Dep. p. 15)

Under Pennsylvania Rule of Civil Procedure 1035.2, summary judgment is appropriate:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may

move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause or action or defense which could be established by additional discovery or expert report or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

A motion for summary judgment can be granted in only the clearest of cases, where the right to judgment is clear and free from any doubt. *Kotwasinski v. Rasner*, 436 Pa. 32, 41, 258 A.2d 865 (1969) (vacating summary judgment); *Prince v. Pavoni*, 225 Pa. Super. 286, 302 A.2d 452, 454 (1973) (vacating summary judgment; there cannot be "the least doubt as to the absence of a triable issue of material fact.") Only in those cases where the record clearly shows no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law may summary judgment be granted. *Capek v. Devito*, 564 Pa. 267, 270 n.1, 767 A.2d 1047, 1048 n. 1(2001).

The burden of proving the non-existence of an issue of fact is on the party moving for summary judgment. *Prince v. Pavoni*, Supra, 225 Pa. Super. at 288, 302 A.2d at 454; *Schacter v. Albert*, 212 Pa. Super. 58, 61, 239 A.2d 841, 843 (1968). The record must be viewed in the light most

favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Potter v. Herman*, 762 A.2d 1116, 1117-18 (Pa. Super. 2000)

The section of the Pennsylvania Motor Vehicle Code relied upon by the defendant, 75 Pa. C.S.A. Section 3107, is entitled "Vehicles in Funeral Procession". This part of the motor vehicle code governs the responsibilities and duties of drivers in a funeral procession. The statute reads as follows:

3107. Drivers in funeral processions

(a) General rule. -- The driver of a vehicle which is being driven in a funeral procession may:

1. Park or stand irrespective of the provisions of this part.

2. Proceed past a red signal indication or stop sign if the lead vehicle in the procession started through the intersection while the signal indicator was green or, in the case of a stop sign, the lead vehicle first came to complete stop before proceeding through the intersection.

(b) Visual signals required. -- The privileges granted by this section shall apply only if each vehicle in the funeral procession displays lighted head lamps and emergency flashers and bears a flag or other insignia designating it as part of a funeral procession.

(c) Right of way to emergency vehicles. -- This section does not relieve the driver of vehicles which is being

driven in a funeral procession from yielding the right of way to an emergency vehicle making use of audible or visual signals, nor from the duty to drive with due regard for the safety of all persons.

It is the law of the Commonwealth that motorists driving in funeral processions are entitled to respect and consideration from other motorists on the roadway, and that they should be permitted to proceed in a continuous procession through an intersection, if done consistently with the provision of the statute Pa. C.S.A. 3107(a) and (b) but that each individual driver is not relieved of the duty to drive with due regard for the safety of all persons. Pa. C.S.A. Section 3107(c). If each vehicle in a funeral procession had its headlights and emergency flashers on, and each bears a flag or other insignia designating it as part of a funeral procession, then the driver of any vehicle in the procession may proceed past a...stop sign, if the lead vehicle in the funeral procession started through the intersection...after coming to a complete stop at the stop sign. 75 Pa. C.S. 3107(a)(2). See *Przybyszewski v. Nunes,* 168 Pa. Super. 311, 77 A.2d 703 (1951) for a discussion of an intersectional collision under a prior iteration of the statute in question.

Mr. Flower testified that he believed there were twenty (20) cars in front of him; and five (5) or six (6) behind him. He also stated, "I was not involved with the funeral." (See Page 71, Line 12 of Flower's Deposition.) He was asked where he intended to go at the end of the ramp and stated, "At the end of the exit ramp, the funeral procession went left and (I) wanted to go left also."

Based upon the defendant's own testimony and the undisputed facts of record, the defendant, Mr. Flower, is not entitled to avail himself of the privileges accorded to drivers of motor vehicles in a funeral procession pursuant to Pa. C.S.A. Section 3107.

Mr. Flower was not a participant in the funeral, nor a bona fide participant in the funeral procession.

There is inconclusive evidence as to whether he had his head lamps lighted and emergency flashers activated, but there is no evidence of record that his vehicle bore any flag or insignia designating it as part of the funeral procession. Pa. C.S.A. Section 3107(b) All of the requirements of subsection (b) are in the conjunctive and therefore all are required.

The court finds that based on the law of the Commonwealth and upon Mr. Flower's own admissions, he was not a bona fide part of the funeral procession, nor the funeral, nor did he intend to go to the cemetery as did the other participants of the procession. He also admitted he was on his way to work for defendant, Colgate-Palmolive. The purpose of 75 Pa. C.S.A. 3107 is to extend a qualified privilege to those vehicles which are properly in a funeral procession. Its purpose is not to benefit non-participant motor vehicle operators. The defendant's inadvertent happening upon a funeral procession and "cutting" into the procession's line of vehicles with an intent to exit the highway where the procession intended to exit the highway, does not confer upon him the unique privileges contemplated by 75 Pa. C.S.A. 3107.

There is no genuine issue of any material fact as to the

lack of a necessary element of the defendant's affimative defense pursuant to Pa. R.C.P. 1035.2(1) and therefore the court enters the attached order.

## ORDER

Now July 22, 2011, for the reasons set forth in the memorandum opinion attached hereto.

The motion for partial summary judgment of the plaintiffs, Joseph Saita and Judy Saita, his wife, is hereby granted.

The Prothonotary is directed to serve notice of the entry of this order pursuant to Pa. R.C.P. 236.