# Madsen v. Thomas

2

C.P. of Monroe County, No. 9959 CIVIL 2012

*Jamie J. Anzalone*, for plaintiff.
*Brent A. Green*, for defendant.

WILLIAMSON, *J.*, November 1, 2013—This matter comes before us on a motion for summary judgment filed by defendant Lauriel Thomas on July 1, 2013. On October 3, 2013, plaintiff Robert Madsen filed a response to defendant's motion for summary judgment. In the motion, defendant Thomas argues that summary judgment should be granted because there is no admissible evidence identifying the defendant as being involved in an accident with the plaintiff. As such, defendant asserts that as a matter of law, and in the absence of any undisputed facts of record, there is no genuine issue and summary judgment should be granted.

Plaintiff commenced this action by filing a complaint on November 29, 2012, alleging the following: that on August 4, 2012 at approximately 6:55pm plaintiff was proceeding west bound on Interstate 80 in Netcong, Morris County, New Jersey, in the center lane. Plaintiff further alleges that when he attempted to move into the right lane he was forced to swerve back into the center lane due to the defendant attempting to pass the plaintiff at a high rate of speed in the right lane. In an effort to avoid colliding with defendant, plaintiff swerved back into the center lane thereby losing control of his vehicle. Plaintiff veered off the roadway and rolled six times down an embankment. Plaintiff alleges that the accident was the result of the carelessness and negligence of defendant, which caused plaintiff to suffer numerous injuries requiring medical care and treatment.

In his answer, filed March 1, 2013, defendant denied the allegations made by plaintiff, stating that the events of the accident are at issue. To support the denial, defendant argued there was never any contact between the defendant's vehicle and the plaintiff's vehicle. Further, defendant stated the operation of his vehicle did not cause plaintiff to lose control of his vehicle, and in the alternative, that if plaintiff lost control due to the actions of another driver, it was a driver other than defendant.

Depositions were taken of plaintiff and defendant on April 18, 2013. Defendant filed the instant motion for summary judgment on July 1, 2013. Upon stipulation of the parties on October 3, 2013, oral arguments were not held, and the matter is set to be decided on the parties' briefs. Also on October 3, 2013, plaintiff filed a response and brief to defendant's motion for summary judgment. After review of the parties' briefs, we are ready to dispose of the motion.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2, where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where

4

the right is clear and free from doubt. *Musser v. Vilsmeier Auctrion Co. Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employment Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 1889 (Pa. 1951).

Defendant argues there are no genuine issues of material fact and requests that this court grant summary judgment in his favor. Defendant asserts that the information used by plaintiff in initiating this suit is inadmissible hearsay, in that the plaintiff's information came through a police report prepared in response to the accident. Further, defendant states that plaintiff has no knowledge or evidence that defendant was the alleged driver who caused plaintiff to lose control of his vehicle and subsequently crash. Therefore, defendant argues that plaintiff cannot

establish the cause of action. We disagree.

In granting a motion for summary judgment, the court must be convinced that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Thompson*, 412 A.2d at 468 (quoting *Kotwasinski v. Rasner*, 258 A.2d 865 (Pa. 1969); *Prince v. Pavoni*, 302 A.2d 452 (Pa. Super. 1973). Pennsylvania case law makes it clear that summary judgment is to be granted only "in the clearest of cases, where the right is clear and free from doubt." *Id.* Applying the above mentioned standards, summary judgment in favor of defendant cannot be entered at this time.

In this matter, the events which lead up to the auto accident are clearly in dispute. It is noted that, throughout the pleadings, both plaintiff and defendant provide differing accounts as to what caused plaintiff's car to lose control, ultimately rolling six times and ending up in a ditch. The depositions of both plaintiff and defendant provide two stories as to the location of their respective vehicles at the time of the incident. Plaintiff testified that immediately prior to losing control of his vehicle, he was traveling in the middle lane of Interstate 80 west. Plaintiff noticed a car coming up "pretty fast" behind him in the middle lane. Plaintiff then states that as he started to move into the right lane, the black car (which he believes was presumably the defendant) was already there. Because of this, plaintiff testified that he swerved to come back into the middle lane, lost control, went over to the right hand lane, went down an embankment and the vehicle overturned. N.T. plaintiff's deposition, 4/18/13, p. 30. Further, plaintiff testified that he definitely did not go into the far left lane at any point, and as he lost control of his vehicle, the black car went by the plaintiff. *Id.* p. 37.

Plaintiff testified that he never saw defendant at the scene of the accident while waiting for emergency personnel to arrive. *Id.* p. 44. However, plaintiff believes defendant was the driver of the vehicle that caused the accident, because the defendant was at the scene of the accident.

Defendant's version of events directly contradicts the statements made by Plaintiff regarding the accident. In his deposition, defendant testified that as he was in the far right lane, he noticed a red car (which he believes was presumably the plaintiff) in the left-hand lane. The red car was approximately 1000 feet in front of defendant's car. N.T. defendant's deposition, 4/18/13, p. 18-19. Defendant testified that he then noticed the red car spinning from the left lane all the way across the other two lanes into the ditch. *Id.* p. 19. Next, defendant stated that he stopped at the scene, where two other cars had already pulled over to assist plaintiff. *Id.* At no time did defendant state he was trying to pass plaintiff on the right, but rather, provided specific testimony as to how he stopped at the scene to provide aid, then proceeded to leave once other drivers started assisting the plaintiff.

Taking into account the depositions, exhibits and admissions of both parties, it is evident that there is a genuine issue of a material fact. In dispute is the fact of whether or not defendant was attempting to pass plaintiff in the right hand lane, which plaintiff claims is the impetuous for the accident. The dispute of this fact alone is enough to be presented to a jury as both parties present differing accounts of the accident. Both admit being present at the time of the accident. Both give different versions of the events.

Defendant's main contention in his argument for

summary judgment is that the police accident report relied upon by plaintiff for identification is inadmissible hearsay evidence. Defendant believes the plaintiff will seek to introduce the police report as proof the defendant was at the scene, or drove the black vehicle, or is somehow responsible. This argument fails at this time. Information in the police report could be introduced if presented in a manner that is admissible. In any event, plaintiff believes the defendant caused the accident. Defendant admitted in discovery he was at the scene of the accident. There is not enough to sustain a motion for summary judgment, because the events which lead up to the accident themselves are in contention. Regardless of the admissibility of the accident report, which is an issue at time of trial, not in a motion for summary judgment, there are still disputed facts. The parties testified differently as to the distance between the cars as well as the subsequent actions taken by each driver with regard to the lane placement, speed and ultimate cause of the accident. Whether or not plaintiff can sustain his burden of proof at trial to prove the defendant is the driver of the vehicle he believes caused the accident is an issue for trial. The defendant has admitted in the discovery that he witnessed the accident. Whether or not the jury finds the defendant's car caused the accident or not is a question for the jury.

Furthermore, we note that if circumstantial evidence is presented by the plaintiff, it could draw into question the facts of the occurrence of the accident itself. Plaintiff is correct in his response to defendant's motion for summary judgment that if a finder of fact chooses to believe defendant's testimony, a verdict in favor of the defense would likely be entered. Conversely, if a finder of fact believes plaintiff's version, a verdict can be rendered on

behalf of plaintiff based on the weight of circumstantial evidence presented. Because these are material facts necessary for the establishment of the cause of action, and these facts are in dispute, summary judgment cannot be granted.

Accordingly, viewing the evidence in a light most favorable to the non-moving party, this court finds there are genuine issues of material facts as presented through the depositions, exhibits and admissions of both plaintiff and defendant. As such, summary judgment is not appropriate at this time, and we enter the following order.

## ORDER

And now, this 31st day of October, 2013, upon consideration of defendant's motion for summary judgment, the same is denied.